*L. H. Rhodes* and *Markham, Patterson, Thomas & Campbell,* attorneys for appellee.

---

## THE HIGHLAND DITCH CO. *v.* JOSEPH M. MUMFORD.

(*Supreme Court of Colorado, Dec. 7, 1880, Appeal from Boulder District Court.*)

WATER RIGHTS. Purchaser of ditch partially constructed takes subject to servitude contracted by grantor.

APPROPRIATION—DILIGENCE. To constitute due diligence does not require unusual efforts or expenditures, but only such constancy in the pursuit of the undertaking as is usual with those in like enterprises—such assiduity as shows a *bona fide* intention to complete it in a reasonable time.

STATEMENT. This case was submitted to the court below upon an agreed state of facts, of which the following are the material parts: That in 1871 the Chicago-Colorado Colony was incorporated under the laws of the territory of Colorado, to secure

lands for colonizing purposes and locate colonists thereon, and to construct irrigating ditches for supplying said lands with water; that the price of a membership in said colony was one hundred and fifty-five dollars, and each membership entitled the holders thereof to a tract of land or certain town lots such as might be selected by the member, with the consent of the colony trustees; that in the early part of the year 1871 said Chicago-Colorado Colony commenced the survey of an irrigating ditch, commencing at a point near the mouth of St Vrain cañon, and running easterly as near the divide between St. Vrain and Little Thompson creeks as practicable, for a distance of about twenty miles, for the purpose of irrigating certain lands of said colony, and the members thereof; that during the spring and summer of 1871 said survey was completed, and during the winter of 1871 and 1872 the work of construction of said ditch was commenced, and during said time grading equal to about four or five miles of said ditch, eighteen feet wide by three feet deep, was done; that said ditch was known as a colony ditch, and was designated by the name of "The Excelsior Ditch;" that during the month of January or February, 1871, the plaintiff purchased a membership in said colony, and about the last of February or first of March, 1871, he settled upon the east half of southeast quarter section twenty-two, township three, north range sixty-nine west, and occupied the same as a homestead under the laws of the United States; that before locating said homestead the plaintiff consulted one of the trustees of said Chicago-Colorado Colony, with reference to said location, who informed the plaintiff that all or nearly all of said land could be irrigated from the colony ditches, and the plaintiff was induced to make said location by reason of said information, and by reason of the proposed construction of said ditch, and another colony ditch known as the North Branch of the Pleasant Valley Ditch; that on the 18th day of July, A. D. 1871, the plaintiff obtained from the said Chicago-Colorado Colony a deed in writing, of which the following is a copy:

"This deed, made this 18th day of July, A. D. 1871, between the Chicago-Colorado Colony of the first part, and Joseph M. Mumford, of the county of Boulder, and territory of Colorado, of the second part, witnesseth: That, whereas, the said Joseph M. Mumford, hath, in accordance with the provisions of the by-laws of said Chicago-Colorado Colony, taken from the United

States, under the homestead laws thereof, the east half of the southeast quarter, of section twenty-two, in township three north, and range sixty-nine west, in lieu of the colony lands on membership No. 274. Now, therefore, the said Chicago-Colorado Colony grant, bargain, sell and convey unto the said Joseph M. Mumford, the right to take and use, under such regulations as may be adopted for the distribution of water, from the colony ditches so much water as may be necessary, year after year, to irrigate and farm said above described tract of land. Provided, nevertheless, that this right shall be subject to such assessments as may hereafter be levied upon memberships for repairing and enlarging ditches.

In witness whereof, two of the trustees of the said Chicago-Colorado Colony have hereunto set their hands and the seal of said colony the day and year first above written.

(Signed)                    ENOCH J. COFFMAN,

SETH TERRY,

(COLONY SEAL)                              *Trustees.*

That said deed was duly acknowledged before a notary public in the ordinary manner of acknowledgement of deeds, and on the 15th day of August, 1871, said deed was filed for record in the office of the county clerk and recorder of Boulder county, and duly recorded in the records of said county. That at the time of the execution of said deed, the said Excelsior ditch was one of the colony ditches mentioned in said deed, and the only colony ditch capable of irrigating about seventy acres of plaintiff's said homestead, and it was the intention of the said Chicago-Colorado Colony, by said deed, to convey to the plaintiff a right to take water from said Excelsior ditch whenever the same should be completed. That on or about the 4th day of April, 1872, the defendant was organized as a corporation under the laws of Colorado; and that on or about the 1st day of October, 1872, the said Chicago-Colorado Colony made an agreement with the defendant to transfer said Excelsior ditch to defendant, the said Highland Ditch Company. That the defendant took possession of said ditch under said agreement, and continued the work of construction during the winter of 1872 and the spring of 1873, and on or about the 1st day of April, 1873, turned the water of St. Vrain creek into said ditch, through a headgate eighteen feet wide by three feet high, and from that time to the present said

defendant has been in possession of said ditch, and has been engaged in the business of selling water for irrigating purposes to persons living under the line thereof.

That on the 21st day of March, 1873, the defendant received from the said Chicago-Colorado Colony a deed, conveying the ditch formerly known as the Excelsior ditch, taken out of the St. Vrain creek in the St. Vrain cañon, and running easterly as near the divide between the St. Vrain and Little Thompson creeks as practicable, together with the right of way for said ditch over all lands owned by the said party of the first part, and the cabin and such tools as were purchased for the construction of said ditch, and are now on hand.

That during the irrigating season of 1877, plaintiff purchased from defendant, for the use of his said homestead, ninety inches of water; that he paid ninety dollars therefor, by executing his promissory note to the defendant for the sum of ninety dollars, payable in October, 1877; that said note is still unpaid. That in the spring of 1878, plaintiff demanded of the defendant a sufficient amount of water from its ditch, under his deed, to irrigate his said homestead, year after year, without paying therefor, and that defendant refused to deliver the same, and that plaintiff, during said year, took from said ditch ninety inches of water for said land, and paid the defendant therefor the sum of ninety dollars.

That during the irrigating season of 1879, the defendant delivered to the plaintiff, out of said ditch, his proportionate amount of eighty inches of water, at the usual price of seventy-five cents per inch, with the understanding and agreement between the parties, that if the judgment in this suit shall be against the right of the plaintiff to take water under his said deed, then the plaintiff should pay for the amount actually delivered; but if judgment in this case be in favor of plaintiff's right to take water, then the defendant should take nothing for said water. That the defendant actually delivered to the plaintiff, under said agreement, forty inches of water, worth thirty dollars. That the average amount of water necessary to irrigate that portion of plaintiff's said land, lying under said ditch, is seventy inches, year after year, according to the system of measurement now in use by the defendant.

36

The points in controversy, and upon which the decision of the court is asked, are as follows, to wit:

*First*—The plaintiff claims the right to take and use water from the said ditch, sufficient to farm and irrigate seventy acres of his said land, subject only to the law relative to distribution of water in times of scarcity, which right the defendant denies.

*Second*—The plaintiff claims the right to take water from defendant's ditch, year after year, for the purpose of irrigating his said farm, in quantity averaging seventy inches per year, which right the defendant denies.

*Third*—The plaintiff demands a judgment against the defendant for the sum of ninety dollars, being the amount paid for water during the year 1878; that the note given by plaintiff for water, in 1877, be declared cancelled, and that the defendant be ordered to furnish water to plaintiff from said ditch, sufficient to irrigate seventy acres of his said land, year after year.

*Fourth*—Is the plaintiff bound to comply with the regulations of the Highland Ditch Company governing the distribution of water from said ditch as, first, to the manner of measurement; second, as to the control of boxes; third, applying for water each year?

*Fifth*—Has plaintiff the right to take water from said ditch for irrigating said land; and if so, upon what conditions, in what quantity, and under what regulations?

*Sixth*—What right, if any, has the defendant to assess the plaintiff?

1. For cost of construction of said ditch?
2. For contingent and running expenses in the past?
3. For contingent and running expenses in the future?
4. For value of water delivered, past or future?
5. For the maintainance of the ditch?

*Seventh*—The defendant demands judgment against the plaintiff for the sum of one hundred and eighty dollars, the amount of said note and interest, and for the further sum of thirty dollars for the value of water delivered during the year 1879, and that the plaintiff be perpetually enjoined from interfering in any manner with the defendant's ditch or asserting any right, title or interest in and to the same.

The opinion of the court below was as follows:

"The plaintiff is entitled under his deed to a sufficient quantity of water from defendant's ditch to irrigate his seventy acres of land, subject, however, to the law relative to the distribution of water in times of scarcity, and subject to the regulations of the defendant pertaining to same subject, which are not in conflict with said law and which apply equally to all members of said defendant's corporation.

"This right of the plaintiff is a perpetual right under his deed from the Chicago-Colorado Colony, his grantor, and the defendant must be held to have purchased with notice of, and subject to the terms of the plaintiff's prior grant.

"It follows from this conclusion, that the note executed by the plaintiff to the defendant must be surrendered and canceled and that the sum of ninety dollars, paid defendant by plaintiff in the year 1878, must be refunded to the plaintiff.

"We must hold that the plaintiff is bound to observe all reasonable regulations made by the Highland Ditch Company, respecting the distribution of water from the said ditch, manner of measurement and control of boxes, which are of uniform operation upon all the members of said ditch company, and do not tend to deprive the plaintiff of a sufficient quantity of water to irrigate his said tract of seventy acres of land when the ditch contains its ordinary supply of water. It is not, however, necessary for the plaintiff to apply for water each year. The nature of his vested rights may properly be held to constitute an annual continuing application, which the defendant is obliged to recognize and supply.

"We cannot say that plaintiff has the right to take his quantum of water from the ditch contrary to the rules and regulations of the defendant, but it is the defendant's duty to make a reasonable arrangement or regulation for supplying water to the plaintiff, similar to the provisions in reference to the members of the corporation, whatever they may be, and it is the duty of plaintiff to observe said regulations.

"In respect to the last question submitted:

"What right, if any, has the defendant to assess the plaintiff?

"It is my opinion that inasmuch as plaintiff does not participate with said ditch company either in profits or losses resulting from the sale of water, so far as the interests held by plaintiff under the colony deed are concerned, that no assessment can be made

against him except for the purpose contemplated in his deed from the colony, which would simply be for repairs or enlargements made after the completion of the ditch. No assessment can be made for water for the seventy acres, for original construction of the ditch or for running expenses. In respect to obligations of the plaintiff, as a member of the defendant's company, no opinion is asked or expressed.

"The opinion and judgment are limited to plaintiff's and defendant's rights and obligations under the colony deed, and the court being fully advised in the premises as to all matters of fact presented herein, as well as all matters of law pertaining thereto, doth hereby order, adjudge and decree:

"*First*—That the plaintiff has, and henceforth may exercise the right to take from the defendant's ditch, year after year perpetually, a quantity of water sufficient to irrigate seventy acres of land; that said quantity is seventy inches annually, and that said water be taken subject to the law now in force, or hereafter to be in force, relative to measurement and distribution of water for irrigating purposes, and subject to the right of the defendant corporation to assess the plaintiff for repairs and enlargement of the Highland ditch made since its completion. That said water be delivered to plaintiff by the defendant, subject only to such laws and such reasonable regulations as may be prescribed by the defendant relative to distribution of water to its members, and that no compensation be required of plaintiff therefor.

"*Second*—That the plaintiff have judgment against the defendant for the sum of ninety dollars, and that he have execution therefor.

"*Third*—That the note executed by plaintiff to the defendant for water from said ditch in the year 1877, payable in October, 1877, be, and the same is hereby canceled and annulled, and the defendant and its assigns are hereby perpetually enjoined from bringing any action thereon.

"*Fourth*—That the defendant take nothing from the plaintiff for water furnished the plaintiff for irrigating his homestead in the submission herein described, during the year 1879.

"And it is further considered and adjudged by the court, that the costs of this action be paid by both parties hereto in equal parts, to be taxed by the clerk of this court.

"Wm. E. Beck, *Judge.*"

Held by the Supreme Court:

ELBERT, C. J.    At the date of the colony deed to the appellant, the ditch conveyed, stood charged with the servitude created by the colony deed to the appellee, and the appellant took the ditch subject thereto.

If it could be permitted the appellant to attack the title of its grantor to avoid this servitude, we see no reason on the evidence in this case, for saying that at the date of its conveyance to the appellant the colony company had acquired no title to, or property in the ditch in question.

The ditch was to be twenty miles long, eighteen feet wide and three feet deep.    The survey was commenced in the early part of 1871 and completed in the summer of that year.    The work of construction commenced, and during the winter of 1871–2, four or five miles of the ditch were completed the requisite width and depth.    About the 1st of October, 1872, the appellant took possession of the ditch under an agreement of purchase.

To constitute due diligence does not require unusual efforts or expenditures, but only such constancy in the pursuit of the undertaking as is usual with those in like enterprises—such assiduity as shows a *bona fide* intention to complete it within a reasonable time.    *Ophir S. M. Co.* v. *Carpenter*, 4 Nev., 534.

There is no reason for saying that the want of diligence in this case upon the part of the colony company, was such as to prevent the appropriation of the water, dating back to the commencement of the work—there being no intervening claimants. These are the only objections made by counsel to the decree of the court below, and it will be affirmed.

*Wright & Logan*, attorneys for appellant.

*Byron L. Carr*, attorney for appellee.

# Judicial Decisions Construing the Civil Code.

### SECTION I.

[Corresponding with Sec. 1 of Cal. Prac. Act, and Sec. 1 Ky. Civil Code.]

1.   *The facts which constitute a cause of action not changed by the Code.* The Code does not change the law which determines what facts shall constitute a cause of action, though, by reducing all forms of action to one, it changes the question, whether the facts (stated in the complaint) show a cause of action in trespass, trover, assumpsit, or any other particular form,